UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:20-mc-00066-SEB-TAB |
| JASPREET ATTARIWALA, | ) |
| Defendant. | ) |

## ORDER ON MOTION TO QUASH SUBPOENA

### I.  Introduction

This matter is before the Court on Plaintiff BioConvergence LLC's motion to quash [Filing No. 1] the subpoena served on Plaintiff's testifying expert witness, Rebecca Green, by Defendant Jaspreet Attariwala.[1]  For the reasons stated below, Plaintiff's motion to quash is granted.

### II.  Background

On August 19, 2020, Defendant served Green with a subpoena requesting that she produce a multitude of documents, listed in 46 categories, including all information and communication between Green and Defendant's former counsel, as well as all information and communication provided to Plaintiff regarding Defendant's activities and computer usage while Defendant was employed at Singota, Plaintiff's business entity. [Filing No. 1-3, at ECF p. 6.] Plaintiff's counsel contacted Defendant to object to the subpoena and requested that Defendant

---

[1] This matter is related to the underlying case of *BioConvergence LLC v. Attariwala*, No. 1:19-cv-1745-SEB-TAB (S.D. Ind.).

withdraw it. [Filing No. 1-1, at ECF p. 16.] Defendant declined to do so. [Filing No. 1-1, at ECF p. 16.]

On September 9, 2020, after failing to reach an agreement among the parties, Plaintiff filed the instant motion to quash in the District Court for the District of Columbia. [Filing No. 1.] Plaintiff's motion also included a motion to transfer the matter to this Court, which the D.C. district court granted. [Filing No. 7.] Thus, the motion to quash [Filing No. 1] now pends before this Court.

### III.  Discussion

Plaintiff asks this Court to quash Defendant's subpoena, raising concerns with both the subpoena itself and Defendant's written discovery requests to Green. Under Fed. R. Civ. P. 45(d)(3)(A):

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> . . .
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

In addition, Fed. R. Civ. P. 45(d)(3)(B)(i) states that the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information[.]" In this case, while the Court need not directly address every argument Plaintiff raises in the instant motion to quash, the Court concurs that both Defendant's subpoena itself and the underlying requested written discovery requests of Green are problematic.

First, Plaintiff points out that the subpoena violates Fed. R. Civ. P. 45(c)(2) because it requests production of documents in Washington D.C., and Green does not live, is not employed,

2

and does not regularly transact business within 100 miles of Washington D.C.  [Filing No. 1-1, at ECF p. 2.]  Defendant's response in opposition [Filing No. 6] and sur-reply[2] [Filing No. 13] fail to address this argument.  Thus, this improper geographic requirement in Defendant's subpoena is sufficient reason alone for the Court to quash it.

Yet there are further substantive issues in the underlying written discovery Defendant requests from Green as well.  Plaintiff contends, for instance, that the discovery requests: go far beyond Green's opinions and the facts and opinions Green considered in forming her opinions, citing Fed. R. Civ. P. 26(a)(2)(B); place an undue burden and expense on Green, in violation of Fed. R. Civ. P. 45(d)(1), by requiring Green to perform expert-related work on behalf of Defendant without Defendant paying her reasonable expert compensation; seek to circumvent the preliminary injunction and related orders entered in this case by requesting production of data and documents that Defendant has been ordered not to possess; and violate Fed. R. Civ. P. 26(b)(4)(C) by seeking protected communications between Green and Plaintiff's counsel.  [Filing No. 1-1, at ECF p. 2.]

Without citation to any supporting law, Defendant responds that her discovery requests are necessary and appropriate and do not place an undue burden or expense on Green since she is asking her "to disclose work and opinions that have already been formed[.]"  [Filing No. 6, at ECF p. 1.]  Defendant also notes that she filed for bankruptcy and claims that she is not currently obligated to pay the expense order.  [Filing No. 6, at ECF p. 1.]  Plaintiff refutes the latter portion of Defendant's argument, citing case law on the general proposition that bankruptcy discharge applies only to pre-petition debts, not those incurred post-petition.  *See generally In re Schlichtmann*, 375 B.R. 41, 97 (Bankr. D. Mass. 2007) ("[T]he discharge prohibits prepetition

---

[2] The Court has considered Defendant's sur-reply in rendering its order.  While Defendant did not seek leave to file a sur-reply, Plaintiff did not move to strike it.

creditors only from collecting their prepetition debts."). Nevertheless, Defendant claims even if she were obligated, she is currently unable to pay, reiterating that she is in bankruptcy. [Filing No. 6, at ECF p. 2.]

Defendant also generally disputes Plaintiff's claim that Defendant is seeking to circumvent the preliminary injunction by requesting this written discovery from Green. [Filing No. 6, at ECF p. 2.] In addition, Defendant vaguely accuses Green of wrongful conduct in her initial response [Filing No. 6, at ECF p. 2] that she then expands upon in her sur-reply [Filing No. 13, at ECF p. 9]. But Defendant provides no evidence to support her allegation, and it does not provide a basis for the voluminous discovery sought. Moreover, Defendant mischaracterizes Green's involvement in this matter. Plaintiff identified Green as its expert witness on Plaintiff's preliminary witness list over a year ago. [Filing No. 93.] To force Green to respond to Defendant's requests would be improper considering the preliminary injunction in place in this case, and would place an undue burden on Green.

Defendant's concerns may be addressed at a properly scheduled deposition following service of Green's expert disclosures. Indeed, Plaintiff aptly summarized its arguments by emphasizing that even if Defendant's discovery request to Green were otherwise proper:

> it would be premature because Green has not served her expert disclosures, and [Defendant] may take Green's deposition under Rule 26 to obtain discovery regarding her opinions and the basis for them upon paying Green a reasonable fee for her time. Otherwise, [Defendant's] attempt to force Green to do expert-related work to respond to her Subpoena without compensating her places an undue burden on Green.

[Filing No. 1-1, at ECF p. 26.] Accordingly, Plaintiff's motion to quash [Filing No. 1] Defendant's subpoena to Green is granted.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to quash [Filing No. 1] is granted.

Date: 11/9/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email

JASPREET ATTARIWALA
1390 Kenyon St., NW Apt. 323
Washington, DC 20010

Michael Joseph Murphy
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1909 K Street, N.W.
Tenth Floor
Washington, DC 20006-1167